THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* HÉCTOR JOSÉ SANTOS ORTIZ, Defendant and Appellant.

No. 16532. Submitted June 18, 1958.—Decided June 30, 1958.

*Alfredo Archilla Guenard, Fiscal of the Supreme Court,* for appellee.

MR. CHIEF JUSTICE NEGRÓN FERNÁNDEZ delivered the opinion of the Court.

The prosecuting attorney requests the dismissal of the present appeal on the grounds that having the defendant appealed on January 17, 1958 from a sentence of one to two years' imprisonment in the penitentiary imposed on the eighth of the same month and year, he had not yet filed, on May 15, 1958, a bill of exceptions, transcript of evidence or statement of the case, or requested an extension to do so; and although it was the duty of the defendant to see that the clerk of the lower court should send the judgment roll to this Court in order to perfect his appeal, he had as yet failed to take any

action in that connection, nor had he sent the judgment roll to this Court, the present appeal being in a complete state of abandonment, due to manifest negligence of the accused.

The prosecuting attorney attached to this motion a certificate of the clerk of the Superior Court, Ponce Part, issued on April 23, 1958, establishing the foregoing facts and showing, in addition, that the defendant appealed in his own right and is imprisoned in the Ponce District Jail.[1]

On June 16, 1958 in answer to a petition of this Court, forwarded by our Secretary, the clerk of the lower court issued a new certificate in the following terms:

"That on arraignment, during the trial and at the pronouncement of sentence in this case, the defendant Héctor José Santos Ortiz was represented by Lic. Miguel A. Ruiz, of the Office of Legal Assistance.

"That the defendant-appellant did not request the court for the transcript of evidence but did request and was granted by order of February 18, 1958, leave to obtain the transcript of evidence in forma pauperis, and from that date until today said defendant has not moved for an extension to perfect said transcript of evidence.

"That the stenographer who dealt with the hearing of this case was Mr. Radamés Vega Detrés."

The Motion To Dismiss for laches cannot and should not lie. Although in the two certificates issued by the clerk of the trial court it is established that "he did not request the court for the transcript of evidence," it does appear from the certificate of June 16 that he "requested, and was granted by Order of February 18, 1958, leave to obtain the transcript of evidence in forma pauperis." The accused, who was represented at all the stages of the prosecution, until the pronouncement of sentence, by an attorney of the Society of Legal Assistance, appealed in his own right and

---

[1] With marked frequency we have noted that in cases where the defendant has been granted leave to proceed in forma pauperis, certificates similar to the ones of April 23 are issued in printed form to which very scarce information is added, without revealing that such benefit was granted.

after having been convicted and sentenced, he remained in the District Jail, awaiting trial. His application and the order issued granting him said leave are sufficient to consider as completed the requirement to request and obtain an order for the transcript of evidence.

When an accused appeals in his own right and the Court grants him leave to obtain the transcript of evidence from the stenographer in forma pauperis, such right cannot be defeated by his failure to request from jail that the period for the stenographer to file said transcript be extended. Once its turn has come, pursuant to Rule No. 13 of the Administration Rules, he is favored and protected, since according to said Rule "transcripts which are required to be furnished free of charge shall be filed in the order the court directs that they be prepared and filed." No order for the preparation of a transcript of evidence for which the stenographer is collecting his fees may delay the filing of a transcript ordered to be furnished free of charge. In cases like the one at bar, once the defendant requests and the lower court grants him leave to sue in forma pauperis, for the purposes of the appeal taken by him, it is the stenographer's duty to prepare and file said transcript according to the turn provided in the aforementioned Rule 13. And it is only the Administrative Judge, after consulting the judge who tried the case, as provided by the Rule itself, who may order the preparation and filing of the transcript out of turn "when warranted because of special circumstances or the public interest."

Since the transcript of the evidence to be furnished free of charge should be prepared and filed in the order directed by the Court, the fact that it is free of charge does not leave to the stenographer's choice the date of its filing. To protect the right of appeal of a defendant who has no means to pay for the transcript of evidence and who has been granted the right to obtain it free of charge; who is imprisoned, and who has no attorney to take care of the steps

necessary to perfect his appeal, the filing of the transcript, following the strict order of the turns provided by this Rule, is indispensable, and at the same time it is essential for an orderly and efficient administration of justice. In the exercise of its powers of supervision, the Administrative Judges should see to its compliance. And it is important to bear in mind while applying the Rule that in those cases in which the judge grants the stenographer an extension of time for the preparation and filing of a transcript of evidence, said extension does not authorize the postponement of the turn for said transcript, nor may the stenographer advance the filing of other transcripts whose turns, which were fixed according to Rule 13, are subsequent to the turn of the transcript for which an extension was sought.

The motion to dismiss will be denied.

Mr. Justice Pérez Pimentel concurs in the result.